```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
_____

FRANK A. ACKLEY                        :
                                              No.
     VS.                               :
                                              JURY TRIAL DEMANDED
KARNS PRIME AND FANCY FOOD, LTD.       :
d/b/a KARNS FOODS
_____
```

## CIVIL ACTION COMPLAINT

COMES NOW, Plaintiff Frank A. Ackley, by counsel, and complains of defendants as follows:

### JURISDICTION

1. This Court has federal jurisdiction over this matter pursuant to 42 U.S.C. Section 2000(e) et seq. of the Civil Rights Act of 1964 as amended (hereinafter "Title VII").  This Complaint has been filed within 90 days after issuance of a Notice of Right to Sue by the EEOC.

### PARTIES

2.  Plaintiff, FRANK A. ACKLEY, is an adult individual who resides at 764A East Chocolate Avenue Hershey, PA 17033.

3.  Defendant, KARNS PRIME AND FANCY FOOD, LTD., d/b/a KARNS FOODS, is a Pennsylvania domestic Corporation with a place of business Store location at 731 Cherry Drive Hershey, PA 17033, which is located in this judicial district.

**BACKGROUND FACTS**

4. At all times material hereto, defendant employed hundreds of people statewide and has more than 50 employees in the store location cited above at which plaintiff worked.

5. Plaintiff was first employed by defendant as a Third (3rd) shift grocery stocker on or about February 8, 2019 with a starting pay rate of $ 10.00 per hour working full time with overtime.

6. By March 21, 2020, plaintiff was being paid $ 11.00 per hour with a $ 2.00 pay increase for "COVID pay" for a total hourly rate of $13.00 per hour working 40 hour plus 20 to 25 hours of overtime per week.

7. On March 29, 2020, plaintiff received a "very good rating" on his annual review evaluation and the following particulars were cited: a) rarely calls off; b) reliable/dependable; and c) remembers to take full 30 minute break (because plaintiff rarely took breaks)

8. Beginning in August of 2019, plaintiff reported the sexual harassment of another employee of defendant, Alicea Bucher, to Tom Fuller (Assistant Store Manager) and Tim Shreeves (Shift Manager) Michael Eichelberger (V.P. of operations) and Megan Karns (HR Representative), and plaintiff explained that he was Alisea Bucher's fiancé.

9. Alicea Bucher was terminated from her position at defendant's store on or about October 29, 2019.

10. Defendant's agents, Fuller and Shreeves, were aware that plaintiff married Alicia Bucher on November 13, 2019, because plaintiff called off that night and gave the reason as he and Alicea got married.

11. On April 16, 2020, Alecia Bucher files a timely charge with the EEOC alleging that she was terminated in retaliation for reporting sexual harassment by the defendant.

12. Defendant received a copy of Ms. Bucher's said EEOC charge on or about April 20, 2020 along with a letter from her lawyer.

13. On or about April 27, 2020, one week after the defendant received notification of plaintiff's wife's EEOC charge, plaintiff was notified that he was being terminated for taking excessive breaks.

14. The proffered reason given by defendant for plaintiff's termination was false.

15. The true reason that plaintiff was terminated was because he and his wife complained of sexual harassment and retaliation.

16. At all times material hereto, Defendant and its agents acted with their authority to hire, fire and discipline plaintiff.

17. Defendant and its agents undertook a course of conduct toward plaintiff and intentionally terminated him in violation of Title VII.

18. Defendant's agents acted against plaintiff in a bigoted, willful and malicious manner.

19. Plaintiff was subjected to humiliation, embarrassment and mental anguish as a consequence of his termination from employment.

20. Plaintiff seeks lost pay, benefits, compensatory damages for pain and suffering, punitive damages, liquidated damages, attorney fees and costs.

## COUNT 1—RETALIATION

21. Plaintiff incorporates paragraphs 1-20 herein as if set forth at length.

22. By and through its conduct, defendant violated 42 U.S.C. Section 2000(e) et seq. of the Civil Rights Act of 1964 as amended (hereinafter "Title VII") by intentionally retaliating against plaintiff and terminating his employment because he and his wife complained in good faith to defendant about sexual harassment and retaliation.

WHEREFORE, Plaintiff demands judgment on Count 1 against defendant and damages in an amount to be determined by a jury

for lost pay and benefits, pain and suffering, emotional distress, mental anguish, harm to reputation, punitive damages, costs, reasonable attorney's fees, and such other relief as the Court deems just and fair.

Date:  April 6, 2021
/s/ Richard B. Bateman, Jr., Esq.
_____
Richard B. Bateman, Jr., Esquire
21 West 2nd Street
Suite 300
Media, PA 19063
610.566.3322 (tel)
610.548.9986 (fax)
batemanlaw@aol.com (email)
rbateman@batemanlawoffice.com
Attorney for Plaintiff